**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Nekis ATWATER, Defendant–
Appellant.**

**No. 02–1689.**

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 5, 2002.

Decided Nov. 7, 2002.

Rehearing Denied Dec. 20, 2002.

Before Hon. FLAUM, Chief Judge,
Hon. POSNER, and Hon. DIANE P.
WOOD, Circuit Judges.

### ORDER

The sole issue presented by this appeal is whether the district judge exceeded the scope of our remand (272 F.3d 511 (7th Cir.2001)). He did not. In the first decision of the district court, the judge (a different judge) increased the defendant's sentence on the ground that the defendant, who had robbed a bank with another man, Cagle, must have known that Cagle was carrying a gun (the basis for the sentencing increase, U.S.S.G. § 2B3.1(b)(2)(C)) because the judge had "never heard of a bank robbery without a firearm." We vacated the judgment because we did not think that such a presumption was adequate to justify the increase. At the sentencing hearing on remand, Cagle testified that Atwater had given him the gun. The judge believed Cagle and therefore denied Atwater a sentencing discount for acceptance of responsibility, on the ground that Atwater had lied in denying that he had known about the gun. The appeal contends that our remand did not authorize the judge to revoke the acceptance of responsibility discount given him by the original sentencing judge. Not so. One of the puzzlements expressed in our first decision was that the judge, while convinced that Atwater knew Cagle was carrying a gun, in which event Atwater must have lied in denying that he knew that, had nevertheless given him the acceptance of responsibility discount. We said: "He gave Atwater a sentencing discount for acceptance of responsibility, which he would not, *or at least should not,* have done if he thought Atwater was lying." 272 F.3d at 512 (emphasis added). In making clear that Atwater should not receive the discount if he had perjured himself, we authorized the judge, in resentencing Atwater, to deny the discount should the judge find, as he did, that Cagle was telling the truth and therefore that Atwater was lying.

AFFIRMED.